IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HERBERT HARRIS | § § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 3-12-CV-1308-P |
| JAYABEN PATEL, ET AL. | § § § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Herbert Harris, a citizen of Texas, against Jayaben and Ramanbha Patel ("the Patels"), who are also Texas citizens, and the Mansfield Police Department. On April 27, 2012, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. The court now determines that this case should be summarily dismissed as duplicative pursuant to 28 U.S.C. § 1915(e)(2).

II.

As best the court understands his cryptic complaint, plaintiff appears to allege that the Patels agreed to sell him a furnished house for $75,000. Not only was the house not furnished and in

terrible condition, but the Patels now deny the sale. When plaintiff filed a complaint against the Patels with the Mansfield Police Department, the investigating officer concluded that plaintiff committed fraud. By this suit, plaintiff seeks $1 million in damages and criminal charges brought against the Patels.

A.

A district court may dismiss a complaint filed *in forma pauperis* if it concludes that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint is without an arguable basis in law if it is grounded upon an untenable or discredited legal theory. *See Neitzke*, 109 S.Ct. at 1831. A claim may be deemed to lack an arguable basis in fact only if it is based upon factual allegations that are clearly fanciful or delusional in nature. *See Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A complaint that duplicates claims asserted in an earlier case may be deemed malicious and subject to summary dismissal. *See Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 849-40 (5th Cir.), *cert. denied*, 110 S.Ct. 417 (1989).

B.

This is the second time plaintiff has raised these claims in a federal lawsuit. Just two days before plaintiff filed this action in Dallas, another complaint asserting identical claims against the same defendants was dismissed for lack of subject matter jurisdiction by a judge in Fort Worth. *See Harris v. Patel*, No. 3-12-CV-0237-A (N.D. Tex. Apr. 25, 2012). The court therefore concludes that the instant action should be summarily dismissed as duplicative under 28 U.S.C. § 1915(e)(2). *See Pittman*, 980 F.2d at 995; *Wilson*, 878 F.2d at 849.

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 30, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE